No. 10,444.

SHAW v. THE PEOPLE.

Decided October 2, 1922.

Plaintiff in error was convicted of receiving stolen property.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Larceny—Voluntary Delivery of Goods by Owner.* Evidence reviewed, and held, that defendant's motion for a directed verdict, on the ground that the owner of the property ·voluntarily delivered the stolen goods to him, was properly overruled.

2. *Crime—Completion.* Where a party conspired with another to so change the tagging and way-billing of goods in transit as to wrongfully procure their delivery to one of the conspirators, a larceny was completed when the property had been subjected to the scheme of false tagging and way-billing, notwithstanding the carrier detected the change and delivered the goods for the purpose of apprehending the criminal.

3. *Conspiracy—Detection.* The contention, that if an alleged criminal conspiracy existed, that the consent of the wronged party to its consummation in order to detect the criminal deprived the transaction of criminality, overruled.

4. *Consolidation for Trial.* Where two criminal cases against the same defendant are consolidated for trial, no prejudice resulted, where both grew out of the same transaction, and proof of one tended to prove the other.

5. *Evidence—Similar Transactions.* The objection that there was error in the admission of evidence of other similar transactions, in the trial of a criminal case, overruled.

6. APPEAL AND ERROR—*Minor Errors in Criminal Trial.* Minor errors in a criminal trial which do not affect the real merits of the offense charged, will not justify a reversal.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. JOEL E. STONE, Mr. WILLIAM H. GABBERT, for plaintiff in error.

Mr. VICTOR E. KEYES, attorney general, Mr. FORREST C. NORTHCUTT, assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, defendant below, was charged in separate informations with receiving stolen goods and unlawfully conspiring with John Doe to steal the same. The "goods" were two automobile tires each of the value of $54.40. The cases were consolidated for trial over the objection of defendant. He was found guilty on each charge and sentenced to from one to four years in the penitentiary, the sentences to run concurrently. To review those judgments he sues out this writ and the cause is now before us on application for supersedeas.

Defendant's first contention is that his motion for a directed verdict on the charge of receiving stolen goods should have been sustained because the alleged owner, the Express Company, voluntarily delivered the tires to him. From the evidence it appears that defendant had conspired with some other person to so tamper with shipping tags and waybills as to cause other people's property to be delivered to him. Prior to the actual delivery of the tires in question the scheme was discovered and delivery was thereafter made by the Company for the purpose of apprehending the defendant. The distinction between such a case and one where the owner encourages, connives at and participates in the inception of the crime is clearly set forth in *Connor, et al. v. People,* 18 Colo. 373, 33 Pac. 159, 25 L. R. A. 341, 36 Am. St. Rep. 295, the authority relied upon by defendant.

It is next urged that there is no evidence the tires were

stolen, and that, if stolen, the evidence clearly shows they had been retaken, hence there could be no conviction under the first information. We are of the opinion that when these tires had been subjected to defendant's scheme of false tagging and way-billing which, if undetected, was bound to result in delivery to him, the theft was completed. A mere furtherance of that scheme by the Express Company for the purpose of detection and capture was not such a retaking of the property as would prevent its being the subject of a larcenous receipt.

Defendant likewise contends that the court erred in overruling his motion for a directed verdict on the charge of conspiracy. Not only was it clearly shown that these tires were handled in the manner hereinbefore described but, as evidence of plan and intent, a number of similar transactions were shown. Counsel maintain that if the alleged conspiracy existed the Express Company's consent to its consummation deprived the transaction of criminality. The answer is furnished by the *Connor* case, *supra*. "A conspiracy" say defendant's counsel, "can not be established by suspicion, but there must be evidence of some participation, or interest, in the commission of the offense." Such evidence is overwhelming in the case before us. The unaided imagination can not picture an Express Company employee, unconnected with defendant, switching way-bills and shipping tags and substituting names of consignor and consignee again and again with such unerring accuracy as to fit like a piston into his scheme for possessing and disposing of property to which he had neglected to acquire title.

The consolidation was erroneous it is said because the two offenses were not connected and did not grow out of the same transaction and the proof of one would have no tendency to prove the other. The prejudice alleged is that under this consolidation the jurors had their attention directed to other similar offenses not otherwise admissible. We think the position untenable. The transactions were connected. Proof of one did tend to prove the other. No

prejudice resulted, because evidence of other transactions to show scheme or intent would have been admissible under either charge if tried separately.

The only remaining question deserving of consideration is the admissibility of evidence of other similar transactions. The tires in question were received by defendant on July 16. On the 7th of the same month he had received two, on the 8th two, on the 11th two, on the 12th five, on the 13th four and on the 14th four. The peculiarity of way-billing which distinguished the transaction of the 16th marked each of the others. The Express Company's records showed no such shipments from the points of alleged consignment and the investigation of the Company's agents failed to disclose the existence at such points of such persons as the reputed consignors. The proof alleged here to be lacking is, claims of the persons who actually consigned these shipments for loss by reason thereof, hence it is said no larcenies are shown and the element of criminality in these so-called similar transactions is wanting. We think the evidence produced much more conclusive than the missing evidence would have been. Moreover, proof that claims were made for such missing tires, and even that such claims were allowed by the Company, would not be binding on defendant and would not be admissible as any evidence of his guilt, he being in no way a party thereto.

It is perfectly apparent that even under the most technical construction defendant is either guilty of stealing these tires or receiving them knowing them to have been stolen, and inasmuch as the sentences are concurrent and no prejudice is shown by reason of the consolidation he is in the same position as if convicted on a single charge and can not be heard to complain. If minor errors exist in this record and specific authority be necessary to justify a refusal of relief by reason thereof, such authority is furnished by section 1956 R. S. 1908, which provides that no "writ of error shall be sustained for any matter not affecting the real merits of the offense charged."

A careful examination of the entire record before us not only fails to disclose reversible or material error but leads overwhelmingly to the conclusion of the guilt of the defendant and the justice of the sentence.

The supersedeas is accordingly denied and the judgment affirmed.